Robert Eugene Hybertson
8035 Blackhawk Road
Black Hawk, SD 57718

FILED

MAY 2 0 2015

CLERK

IN THE DISTRICT COURT OF THE UNITED STATES

DISTRICT OF SOUTH DAKOTA

At Rapid City

| | |
|---|---|
| Robert Eugene Hybertson, Christopher Rhodes Chapman, Charles Sorensen, Robert Orth, and Timothy Taylor,<br><br>Plaintiffs, *pro se*,<br><br>vs.<br><br>UNITED STATES, DEPARTMENT OF TREASURY, and INTERNAL REVENUE SERVICE, and IRS C.I.D. Agent GREG M. FLYNN,<br>DEFENDANTS. | No. 15-5040<br><br>CIVIL COMPLAINT TO review agency wrongdoing - 5 USC § 701-706.<br><br>VERIFIED CIVIL COMPLAINT |

I. <u>INTRODUCTION, JURISDICTION, and VENUE.</u>

1.1 COMES NOW, the above named Plaintiffs, seeking specific relief in the form of review of agency action done in defiance of law, in excess of statutory scope of authority, and in violation of the United States Constitution. Under the facts of this case it is proven that actual, concrete harm to personal rights to privacy, property and liberty is imminent or has already occurred. Causes of action and relief sought are at ¶ 3.1 through ¶ 3.33.

1.2 <u>Attached hereto</u> is the Plaintiffs' First Mandatory Judicial Notice and Offer of Proof with exhibits, which are incorporated by this reference as if fully restated herein. Pages of the entire Notice and exhibits are numbered in one sequence on the upper right hand corner (Pages 1 through 357). *Any and all emphasis* employed herein shall be construed to have been added. As used herein the term "OP1" shall be deemed to refer to the attached Mandatory Judicial Notice and Offer of Proof with its exhibits. The Notice contains a table of contents and list of the exhibits referenced by OP1 page numbers. Exhibits are as follows:

**First Offer of Proof contains:**

OP1 pages 1 through 3 is: Mandatory judicial notice and offer of proof which includes a detailed list of contents of this entire exhibit.

OP1 pages 4 through 183 is: Dec. 28, 2005 complaint to Congress containing briefing statutory claims over which review is hereby sought.

OP1 pages 184 through 308 is: 1st supplemental briefing filed Aug. 27, 2014 in support of complaint at OP1 pp. 4 through 183.

OP1 pages 309 through 318 is: 2nd supplemental briefing filed Feb. 25, 2015 in support of complaint at OP1 pp. 4 through 183.

OP1 pages 319 through 330 is: Plaintiff Robert Hyberston's March 9, 2015 affidavit of joinder with exhibits filed to join the Dec. 28, 2006 criminal complaint to Congress, above, as a similarly situated witness to crime.

OP1 pages 331 through 337 is: Plaintiff Chris Chapman's May 25, 2006 affidavit of joinder filed to join the Dec. 28, 2006 criminal complaint to Congress, above, as a similarly situated witness to crime.

OP1 pages 338 through 349 is: Plaintiff Robert Orth's December 2, 2014 affidavit of joinder filed to join the Dec. 28, 2006 criminal complaint to Congress, above, as a similarly situated witness to crime.

OP1 pages 350 through 357 is: Plaintiff Charles Sorensen's May 13, 2015 affidavit of joinder filed to join the Dec. 28, 2006 criminal complaint to Congress, above, as a similarly situated witness to crime.

1.3 The Internal Revenue Service (hereinafter "IRS") is a bureau within the US Department of the Treasury. (See 26 CFR 601.101). The US Treasury is in a position of oversight in relation to the IRS and the enforcement of the provisions of 26 USC. (See 26 USC

§§ 7801, 7805). The Secretary of the Treasury must have express permission to operate outside of Washington, D.C.. (See 4 USC § 72). In relation to this role, the Secretary of the Treasury answers to the Joint Committee on Taxation, in Congress. (See 26 USC § 8022). As used herein the term "Defendant" shall be construed to mean and include the IRS, the Department of Treasury, and the United States federal government.

1.4 All conduct on the part of the Defendants complained of herein was, is, or will be in excess of statutory authority and official right. Defendants' past, present, and threatened actions are 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, 2) contrary to constitutional right, power, privilege, or immunity, 3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, and 4) without observance of procedure required by law.

1.5 The statutory scheme at 26 USC is a behemoth of the Defendants' making, and has been the basis for untold harassment of the American public for decades. This probe into its provisions will evoke sharp and lengthy diatribe from the Defendants but the Court will readily see that Defendants' rebuttal at all times lacks substance and adherence to canons of statutory interpretation and tenets of due process. The provisions relevant to the review hereby sought are those which the Defendants readily wield or cite as relevant when acting against Americans, but when pressed about the language of said provisions the Defendants employ evasion and deploy retaliatory measures to stifle all challenges.

1.6 Plaintiff Robert Eugene Hybertson is under threats issued by the Defendants in this judicial district. Plaintiffs outside of this judicial district waive venue and join in this action for review.

1.7 Defendants demand and collect from Americans deemed to be "citizens of the United States," including parties Plaintiff to this action, sums Defendants claim are imposed as income taxes under 26 USC chapter 1 (§ 1 graduated income tax on taxable income and capital gains), chapter 2 (Social Security self employed), chapter 21 (Social Security employee FICA or "payroll tax"), and chapter 23 (Federal Unemployment Tax Act, excise on employers of the citizen in § 3306(j)) of 26 USC.

1.8 This action arises under the 4th and 5th Amendments to the United States Constitution. Review and relief sought herein is provided for as a matter of right to due process, and under 5 USC §§ 701-706. This Court has jurisdiction and venue is proper.

## II. FACTS & PARTIES.

**Plaintiff Robert Hybertson:**

2.1 Plaintiff Robert Eugene Hybertson has as his address for the purposes of this action 8035 Blackhawk Road, Black Hawk, SD 57718. He has recently received threatening correspondence from the Defendant GREG M. FLYNN which alludes to criminal prosecution when, in fact, the Defendant has refused for many years to go on record with an interpretation of its own governing statutes and regulations relied upon in this action. As recently as May 8, 2015, an associate of this Plaintiff was contacted in person and was quizzed for facts relative to him and his affairs.

**Plaintiff Chris Chapman:**

2.2 Plaintiff Christopher Chapman has as his address for the purposes of this action 3080 Finsterwald Drive, Titusville, FL 32780. In January of 2007 Mr. Chapman appeared under subpoena before a grand jury convened by the Defendant for suspicion of violations of 26 USC. Mr. Chapman served the grand jury and the Department of Justice's counsel with a complaint to Congress filed Dec. 28, 2005 which contained a briefing of certain conclusions relating to *in personam* jurisdiction under 26 USC in relation to citizens of the United States and never heard back from either the grand jury or the Dept. of Justice since.

**Plaintiff Robert Orth:**

2.3 Plaintiff Robert Orth has as his address 7207 Lafayette Road, Indianapolis, IN 46278-1503. Mr. Orth has recently received correspondence from the Defendant (the IRS) who has not considered all relevant statutes in its conclusion that he allegedly owes sums imposed under 26 USC, and has threatened Mr. Orth with criminal charges.

**Plaintiff Charles Sorensen:**

2.4 Plaintiff Charles Sorensen has as his address for the purposes of this action 7423 Frontier Trail, Chanhassen, MN 55317. This Plaintiff is an employee for a large corporation but risks his employment at any time if he were to enquire as to how his employer's payroll department interprets and applies the provisions of 26 USC.

**Plaintiff Timothy Taylor:**

2.5 Plaintiff Timothy E. Taylor has as his address for the purposes of this action P.O. Box 472, Fort Lupton, Colorado 80621. On or about August 14, 2014 Mr. Taylor's bank account was drained by the Defendants (the IRS) without prior notice or protocol required to predicate a levy.

**Defendant(s):**

2.6 Defendant UNITED STATES has as its address Office of the Attorney General, Department of Justice 10th & Pennsylvania Ave., N.W., Washington, D.C. 20530 and U.S. Attorney's Office PO Box 2638, Sioux Falls, SD 57101-2638. Defendant, by and through its Department of Treasury, and the bureau thereof (the IRS), has caused these Plaintiffs undue stress and loss of property through threat, duress, and coercion, going so far as to seek criminal charges and convictions with the object being to deprive Plaintiffs of their liberty.

2.7 Defendant GREG M. FLYNN is employed by Defendant UNITED STATES as an Internal Revenue Service C.I.D. Agent in Denver, Colorado, and has as his address 1999 Broadway 27th Floor, Denver, CO 80202.

## III. CAUSES OF ACTION.

3.1 All facts alleged in ¶¶ 2.1 through 2.7 shall be deemed incorporated into each of the following paragraphs. Plaintiffs and each of them have been wronged by agency action through conduct that violates rights to due process, are arbitrary and capricious, are in excess of statutory authority and scope, are not in accordance with law, and are without observance of procedure(s) required by law.

> 5 USC § 706 Scope of review.- To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall-
> (1) compel agency action unlawfully withheld or unreasonably delayed; and
> (2) <u>hold unlawful and set aside agency action, findings, and conclusions found to be-</u>
> (A) *arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;*
> (B) *contrary to constitutional right, power, privilege, or immunity;*

(C) *in excess of statutory jurisdiction, authority, or limitations, or short of statutory right*;
(D) *without observance of procedure required by law*;
(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

3.2 Defendant will cite as a jurisdictional bar to further proceedings 26 USC § 7421 which prohibits maintaining any action seeking to inhibit or obstruct the assessment or collection of "taxes."

26 U.S. Code § 7421 - Prohibition of suits to restrain assessment or collection.-
(a) Tax.- Except as provided in sections 6015 (e), 6212 (a) and
(c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), and 7426(a) and (b)(1), 7429(b), and 7436, *no suit for the purpose of restraining the assessment or collection of any tax shall be maintained* in any court by any person, whether or not such person is the person against whom such tax was assessed.

3.3 What Defendant cannot prove with such an argument is that the amounts it maintains are those owed by the Defendants are a "tax" or that the assessment of such is lawful conduct; 26 USC § 7421 is a false shield. Without a lawful basis, the collection and assessment of the amounts sought by the Defendant are plain violations of the law. (See 26 USC § 7214; 18 USC §§ 241, 872, 1341, 1962(c) and (d), other). The unlawful assessment of taxes, and the collection of amounts resulting from mere exactions of liabilities, can hardly be what Congress sought to protect through its enactment of 26 USC § 7421. (See 26 CFR 601.106(f)(1) ("Rule 1. An exaction by the U.S. Government, which is not based upon law, statutory or otherwise, is a taking of property without due process of law, in violation of the Fifth Amendment to the U.S. Constitution")). Without clear proof that the law imposes the amounts sought, and that assessment authority applies to the taxes allegedly imposed, § 7421 is wholly irrelevant and thus provides no safe harbor for the Defendant.

///
///
///

## FIRST CAUSE OF ACTION.

1. Regulation alone (OP1 pp.93 to 96).

    3.4 As it relates to 26 USC, Defendant maintains that all Americans, Plaintiffs included, are "citizens of the United States" as defined in 26 CFR 1.1-1. ("Any person born or naturalized in the United States and subject to its jurisdiction"). Individuals of this citizenship are expressly excluded from the definition of "citizen" identified in statutes relating to Social Security taxes and administration. (See 26 USC §§ 1402(b), 3121(e), and 3306(j); 42 USC § 411(b)(2); Social Security Act of 1935, P.L. 74–271, 49 Stat. 620 § 211, enacted August 14, 1935, now codified as 42 U.S.C. ch.7). Social Security taxes are to be collected in the US Possessions. (See 26 USC § 7655). The statutory predecessor of 26 USC chapters 2 and 21 (Social Security) is § 3811 of the 1939 tax Code. (See 26 USC § 7651(4)(A)).

    3.5 Now, with 26 USC chapters 2, 21, and 23 proven inapplicable to "citizens of the United States," only chapter 1 is left, with its graduated income tax and relevant brackets. (See 26 USC § 1). Chapter 1 contains no statutory definition of the term "citizen," so the Defendant promulgated 26 CFR 1.1-1 to serve as the provision making "citizens of the United States" subject to chapter 1. Treasury Regulation 26 CFR 1.1-1 is an undue addition to 26 USC § 1 and stands in violation of the 16th Amdt. to the U.S. Constitution that authorizes only Congress to lay and collect income taxes. Nowhere in 26 USC § 1 is any individual's citizenship referenced in any way. The chapter 1 tax on gross income is relevant to Americans solely due to the promulgation of 26 CFR 1.1-1.

    3.6 Defendant maintains that it is frivolous for an American to claim "non-resident alien" status in relation to Washington, D.C. yet, when faced with the challenge to this regulation as an invalid enhancement to 26 USC § 1, they argue and hold that the claim that one is a "citizen of the United States" is a claim of "non-resident alien" status in relation to Washington, D.C.; this is ludicrous. In another instance Defendant was unable to reference the provisions relied upon and cited authorities relevant only to assessment authority under 26 USC § 6201, which has nothing to do with the *imposition* of taxes.

**Relief:**

    3.7 Plaintiffs seek this Court's determination that 26 CFR 1.1-1 deviates from 26 USC § 1 and is therefore arbitrary and an abuse of discretion, that it violates due process rights of the

Plaintiffs, that it is in excess of statutory jurisdiction and authority, that it is in excess of statutory limitations and short of statutory right, and that it was promulgated without observance of procedure required by law.

## SECOND CAUSE OF ACTION.

2. All property is a cost (OP1 pp.100 to 110).

    3.8 The 26 USC provision that "explains how property received in exchange for services is taxed" is off limits, the Defendant will not discuss it, the courts will not rule upon its operation, the Internal Revenue Service does not train on it, and in the administration of laws of the United States said statute is never considered or allowed to operate in any way, in relation to compensation for services actually performed. (See 26 USC § 83(a)).

    3.9 While 26 USC § 83(a) governs what is to be included in gross income in 26 USC § 61(a), the Defendant begins every "determination" by including all compensation for services in § 61(a) and refuses to consider § 83(a) or to allow it to operate, stifling all protests and claims with monetary sanctions and libelous diatribe to stigmatize all who perceive protections in § 83(a) and its implementing regulations.

    3.10 In only one case, in 1996, has the Defendant articulated an interpretation of 83(a) but did so without reference to the specific language of the implementing regulations or statute adopted by reference. Defendant sets forth a *policy* of excluding the value of personal services from cost for the mere fact that an individual does not purchase their services before selling them to an employer or customer, and therefore reaps only *profit or gain* when receiving the fair market value of such services as compensation.

    3.11 HOWEVER, this standard is not based upon law and occurs under applicable provisions that clearly and unequivocally state that <u>any money or property</u> is to be treated as an "amount paid" under § 83(a). The Defendant has won four Supreme Court cases arguing against such an *arbitrary exclusion* yet, in tax cases, insists such an exclusion is permissible.

    3.12 The Defendant's refusal to apply § 83(a) constitutes a violation of 26 USC §§ 83(a), 212, 1001, 1011, and 1012 which together operate to defined and determine what is and is not income (gain or gross income) as well as what is cost when personal services are exchanged for compensation in amounts rightfully deemed to be the fair market value of such services.

**Relief:**

3.13 Plaintiffs seek this Court's determination that the Defendants' refusal or failure to apply or train on how to fully comply with and apply 26 USC § 83(a) to compensation paid for services actually performed is an abuse of discretion, that it violates due process rights of the Plaintiffs, that including the value of personal services in gross income is in excess of statutory jurisdiction and authority, that it is in excess of statutory limitations and short of statutory right, and that such inclusion in gross income is without observance of procedure required by law.

### THIRD CAUSE OF ACTION.

3. Assessment authority (OP1 pp.111 to 113).

3.14 The Defendant's assessment authority, as it relates to income taxes, is provided for under 26 USC § 6201(a). Under § 6201(a) and its predecessor 1939 Tax Code § 3640, assessment authority is limited to taxes "which have not been duly paid by stamp at the time and in the manner provided by law." Stamp taxes are provided from in 26 USC §§ 4300 and 4400s (foreign insurers and casinos).

3.15 Defendant acted to dispose of this obvious constraint on its assessment authority through the promulgation of 26 CFR 301.6201-1(a) which broadened such authority to embrace "all taxes imposed by the 1954 Code and amendments thereto."

**Relief:**

3.16 Plaintiffs seek this Court's determination that 26 CFR 301.6201-1(a) deviates from and unduly broadens assessment authority from that provided for under 26 USC § 6201, and that its promulgation is therefore arbitrary and an abuse of discretion, that it violates due process rights of the Plaintiffs, that it is in excess of statutory jurisdiction and authority, that it is in excess of statutory limitations and short of statutory right, and that it was promulgated without observance of procedure required by law.

### FOURTH CAUSE OF ACTION.

4. "Person" § 7343 not an inclusion (OP1 pp.113 to 115).

3.17 Among the Plaintiffs are those with identical taxing status (self employed) threatened with criminal charges, and subpoenaed to appear before a tax grand jury.

Controversies in each instance arise, under 26 USC chapter 75, from alleged receipt of gross income, and not from such Plaintiffs being an officer, employee, or member of a corporation or partnership. The <u>definition</u> of the term "person" in 26 USC § 7343 is viewed by the Plaintiff as an <u>inclusion</u> instead, when the individual of ordinary intelligence cannot surmise any such intent on the part of Congress upon his or her reading of the statute.

**Relief:**

    3.18 Plaintiffs seek this Court's determination that 26 USC § 7343 is a "definition" and that it <u>is not</u> an "inclusion," and that said statute limits applicability of 26 USC ch.75 to those specifically named or implicated by its terms. Further, Plaintiffs seek a determination that, because they, as individuals whose purported duties <u>do not</u> arise from being officers, employees, or members of a partnership or corporation, 26 USC ch.75 <u>does not</u> apply to them, and that any application of said chapter to them is arbitrary and an abuse of discretion, that it violates due process rights of the Plaintiffs, that it is in excess of statutory jurisdiction and authority, that it is in excess of statutory limitations and short of statutory right, and that such application would be without observance of procedure required by law.

## FIFTH CAUSE OF ACTION.

5. Seizure w/o due process.

    3.19 In the instance of Plaintiff Timothy Taylor, the Defendants (IRS) compelled the bank at which he had an account to remit to the Defendants the entire contents of the account which made it difficult, if not impossible, to maintain his business and continue to derive compensation for his services as a self employed individual. This seizure was made without any prior notice, notice of levy, notice of deficiency, or demand for payment having ever been made of Mr. Taylor by the IRS. This conduct on the part of the Defendants not only offends 26 USC § 6213, but it also flies in the face of clearly established rights to notice and opportunity to appear and defend (due process).

**Relief:**

    3.20 Plaintiffs seek this Court's determination that any seizure of property which does not allow for the prior opportunity to appear and defend violates due process, that it constitutes an unreasonable seizure, and that such is the case without regard for any statute that seeks to

authorize such a seizure of property. Plaintiffs seek this Court's determination that any such seizure is or would be arbitrary and an abuse of discretion, that it violates 4th and 5th Amdt. rights of the Plaintiffs, that it is in excess of statutory jurisdiction and authority, that it is in excess of statutory limitations and short of statutory right, and that such application would be without observance of procedure required by law.

## SIXTH CAUSE OF ACTION.

6. "Sovereign citizen"

3.21 Anyone who seeks to report violations of the laws of the United States will be slandered and libeled by the Defendant. Any such whistle blowing earns the complainant the label of "sovereign citizen" (whatever that is), "tax protestor / defier," or some other label intended to stigmatize and prejudice them as inherently anti-government. Defendant refers to the 18 USC § 4 felony complaint to Congress filed Dec. 28, 2005 (attached) as "Correspondence including documents purporting to be part of a legal case joined by DIMARTINO accusing IRS Special Agents and an Assistant United States Attorney, among others, of criminal misconduct." (See *United States v. DiMartino*, #3:14-cr-175-AWT, in US Dist. Court, D. of Connecticut, indictment filed Aug. 14, 2014 at p.4). This filing on the part of that criminal defendant is listed in the indictment as one indicative of the corrupt endeavor to obstruct the IRS under a charge there alleging a violation of 26 USC § 7212. This is the price of compliance with 18 USC § 4 which requires one to *blow the whistle* on corruption and felonious misconduct of any type or kind.

3.22 Anyone who contradicts the Defendant about any IRS act or conduct is branded a tax protestor or tax defier when, in fact, the Defendant cannot prove that governing provisions have operated or that the law (26 USC provisions, statutes) actually reaches the citizen of the United States. Defendants (Sec. of Treasury, IRS Commissioner, Committee on Joint Taxation, Committee on Government reform, House Judiciary Committee) have had since Jan. 1, 2006 (nine years) to rebut the briefed claims in that complaint to Congress but have failed.

3.23 When faced with the challenge that citizens of the United States are implicated under 26 USC § 1 solely through the promulgation of 26 CFR 1.1-1 the Defendant argues that anyone claiming to be a citizen of the United States is claiming to be a non-resident alien, and that such a claim is "frivolous." (See OP1 pp.193 to 216).

VERIFIED COMPLAINT for review of agency action.            Page 11 of 20

3.24 While Congress, through the Administrative Procedures Act (5 USC §§ 701-706), provides for review of statutory claims, the Defendant's taxing and prosecutorial authorities lash out against anyone seeking such relief, as it relates to the conduct of the IRS. Congress views holding the government to the letter of the law to be the thing to do, while the courts and the Dept. of Justice revile anyone seeking to do so. While the courts proclaim in volumes that statute is of primary import and that the role of the courts is to stand between parties with differing interpretations of statute and to sort out the language used therein, the same courts refuse to perform such a task in relation to the provisions relied upon in the Memorandum at OP1 pp. 93 to 114. Indeed, any attempt to get the courts to do as promised earns a tirade of epithets, demeaning diatribe, and hasty evasion; the courts belong to the IRS.

3.25 COMPARE *Strom v. US*, 641 F. 3d 1051 (CA9 2011) (full indulgence of 26 CFR 1.83 regulations) to *Baker v. CIR*, 70 T.C.M. 1018 (1995) (T.C. Memo. 1995-495). The former concerns 26 USC § 83 and the regulations thereunder as they relate to 26 CFR 1.83-7. Much is made of the language and operation of the regulations, under § 83, and they are relied upon to dispose of the controversy. The latter, however, is a case where an individual sought to apply § 83 to the average paycheck, fee, commission, or self employment earnings. Diatribe and demeaning degradation is readily dispensed upon the petitioner in that case and the decision was void of any discussion of the language of § 83, and of 26 CFR 1.83-3(g), 1.83-4(b)(2), and §§ 1001, 1011, and 1012 and the regulations thereunder.

**Relief:**

3.26 Plaintiffs seek this Court's determination that their claims or assertions that the Defendants are acting contrary to statutory provisions through any purported authority are not rightfully used to classify them as "sovereign citizens" but rather and more appropriately make them "whistleblowers." Plaintiffs seek a determination that the nebulous pejorative of "sovereign citizen" and its use by the Defendants to disparage and stigmatize the Plaintiffs is or would be arbitrary and an abuse of discretion, that it violates due process rights of the Plaintiffs, that it is in excess of statutory jurisdiction and authority, that it is in excess of statutory limitations and short of statutory right, and that such mischaracterization, libel, or slander would be without observance of procedure required by law.

## SEVENTH CAUSE OF ACTION.

7. Void for vagueness (OP1 pp. 89 to 92).

    3.27 Albert Einstein said, "The hardest thing in the world to understand is the income tax." (See http://www.irs.gov/uac/Tax-Quotes). Plaintiffs contend that evasion of any, much less many, key provisions perceived by any person as those which offer protection of property, privacy, or liberty, or perceived as a constraint on government authority, offends the right to be governed or taxed by laws they can understand (due process). This conduct over the past many decades has separated the average American from the will of their elected representatives (Congress) and has placed control of the purse into the hands of the executive and the judicial branches, and this constitutes an outright usurpation of the principle of taxation with representation.

    3.28 For the reasons stated herein, Plaintiffs <u>do not</u> believe for one moment that they have any of the least of duties provided for under 26 USC, that 26 USC imposes any taxes upon them or their compensation for personal actually performed or their capital gains, that they have any duty to file income tax returns, or that criminal sanctions in 26 USC apply to them. In the absence of Defendants' clear and cogent briefing and interpretation of the provisions relied upon by the Plaintiffs, they lack access to the law and can therefore rely upon the interpretation included in this filing.

**Relief**:

    3.29 Plaintiffs seek this Court's determination that Defendants repeated refusal or failure to provide an interpretation of provisions relied upon by the Plaintiff's renders the enforcement of 26 USC against them or their property a violation of the void for vagueness doctrine and their due process rights.

## EIGHTH CAUSE OF ACTION.

8. Willfulness (OP1 pp. 121 to 122).

    3.30 Plaintiffs have expressed their belief that statute does not reach them or their activities, as it relates to 26 USC, and they have provided proof that the Defendants are evasive and contradictory when confronted over the language of key provisions that govern their enforcement of 26 USC.

"The defendant is also charged in the Indictment with four counts of Willful Failure to File an Income Tax Return, in violation of Title 26, United States Code, Section 7203. In order for the defendant to be found guilty of that charge, *the government must prove each of the following elements* beyond a reasonable doubt:

'First, *the <u>defendant was required to file a return</u> for the calendar year* ending December 31, 2009, 2010, 2011, and 2012; Second, the defendant failed to file an income tax return by the due date *as required by Title 26* of the United States Code; and Third, in failing to do so, the defendant acted willfully.'

Ninth Circuit Model Criminal Jury Instruction 9.38.

In order to prove that the defendant acted "willfully," *the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty.*
*A defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully* even if his understanding of the law is wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. *Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.*

Ninth Circuit Model Criminal Jury Instruction 9.42.

Sections 7203 and 7206 of the Internal Revenue Code use the term "willfully." In *Cheek v. United States*, 498 U.S. 192, 201 (1991), the Supreme Court set forth the following definition: "Willfulness, as construed by our prior decisions in criminal tax cases, *requires the Government to prove that the law imposed a duty on the defendant*, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." This same definition applies equally to all tax offenses, misdemeanors and felonies alike. *United States v. Pomponio*, 429 U.S. 10, 12 (1976) (citing *United States v. Bishop*, 412 U.S. 346, 359–60 (1973)). "In other words, *if you know that you owe taxes* and you do not pay them, you have acted willfully." *United States v. Easterday*, 564 F.3d 1004, 1006 (9th Cir.2009). In a failure to file tax return prosecution, the government is not required to prove an intent to evade or defeat a tax, but *may instead prove an intent to disobey or disregard the law*, which may be the intent not to file a return, rather than the intent to evade or defeat a tax. *United States v. Meredith*, 685 F.3d 814, 826 (9th Cir.2012).

A defendant's views regarding the validity of a tax statute is irrelevant to the issue of willfulness and, if heard, the jury should be instructed to disregard such views. *Cheek*, 498 U.S. at 202. See also *United States v. Powell*, 955 F.2d 1206, 1212 (9th Cir.1992) (no plain error to instruct that "mere disagreement with the law, in and of

itself, does not constitute good faith misunderstanding under the requirements of law [b]ecause it is the duty of all persons to obey the law whether or not they [agree with it].") Willfulness is a state of mind that may be established by evidence of fraudulent acts. *United States v. Voorhies*, 658 F.2d 710, 715 (9th Cir.1981); *United States v. Conforte*, 624 F.2d 869, 875 (9th Cir.1980)."

See Defendants' trial memorandum in *US v. James R. Back*, #3:14-cr-00020-RRB, Anchorage, AK doc.77 filed Sept. 22, 2014.

3.31 Plaintiffs have proven that Americans have never owed an income tax under 26 USC ch.2, 21, or 23, and that 26 CFR 1.1-1 alone implicates "citizens of the United States" as owing under 26 USC ch.1. Plaintiffs have proven that provisions that define cost or an "amount paid" are not applied by the Defendants in the instance of calculating income taxes relative to compensation for services actually performed. Plaintiffs have proven that an arm's length transaction for personal services yields no gross income under 26 USC § 61(a) when only the contract value or fair market value of the services is paid to one who performed the services. Plaintiffs have proven that 26 USC § 7343 is impermissibly interpreted as an *inclusion* instead of as a *definition* as intended, that it is inapplicable to the Plaintiffs.

3.32 It violates Plaintiffs' rights to due process to have to guess as to the meaning of the law and to wonder if the Defendants will seek criminal charges while keeping the operation of the law a secret.

**Relief**:

3.33 Plaintiffs seek this Court's determination that all times when failing to file or to pay sums purportedly imposed by 26 USC, the Plaintiffs do not act *willfully*, as it relates to 26 USC ch.75, that viewing them as willful is arbitrary and is an abuse of discretion, that it violates due process rights of the Plaintiffs, that it is in excess of statutory jurisdiction and authority, that it is in excess of statutory limitations and short of statutory right, and that such application would be without observance of procedure required by law.

IV. HISTORY.

4.1 Defendants know of, and have been faced with, the statutory issues raised herein many times. (See OP1 at pp.26 to 30; 77 to 78; 188 to 233). Even a criminal complaint to three congressional committees in Dec. 2005 has proven insufficient to compel the Defendants to

VERIFIED COMPLAINT for review of agency action. Page 15 of 20

disclose their interpretation of the law. The Secretary of the Treasury, IRS Commissioner, and US Attorney General were served their respective copies of said complaint in its entirety but they, too, remain silent in kind. The source of jurisdiction and statutory authority is a secret as a matter of policy, which forces all Americans to guess as to the meaning of the law and forces them to simply trust the executive and judicial branches to obey the law without reference to the law; taxation without representation.

4.2 In *US v. Arant* (See OP1 at pp.189 at #4; 194 at ¶ 2.8) the court cited cases about assessment authority when the Defendant was challenged over how 26 CFR 1.1-1 is the only source of the IRS' authority to *impose* chapter 1 income taxes, which would lead one to believe that an assessment imposes a liability, and <u>not</u> §§ 1, 1401, 3101, and 3301. This was clearly evasion of the argument, for federal courts have unanimously held that 26 CFR 1.1-1 is the source of authority to impose § 1 incomes taxes on "citizens of the United States." (See OP1 at pp.208 at ¶ 2.36 to p.214). With all those decisions upon which to draw, the *Arant* court cited none of them.

4.3 In *US v. Werner* (See OP1 at p.195 at ¶ 2.9) the Defendant argued, and the court agreed, that a claim that one is a "citizen of the United States" is a claim that one is a non-resident alien to Washington, D.C., which is a frivolous claim according to all of those decisions where 26 CFR 1.1-1 was cited as an authority. It is frivolous for a "citizen of the United States" to claim to be a non-resident alien, but claiming to be a "citizen of the United States" is claiming to be a non-resident alien, which is frivolous. The Defendants have apparently said to Americans:

> "You are a citizen of the United States because you are an American living in one of the fifty freely associated compact states, which makes you a non-resident alien. If you claim to be a non-resident alien you'll be penalized for frivolous tax return or US Tax Court petition (See 26 USC §§ 6702, 6673), and you might go to prison, but claiming to be a citizen of the United States is a claim of non-resident alien status that can lead to penalties for a frivolous tax return of US Tax Court petition, and you may go to prison; you are a citizen of the United States."

4.4 Two provisions of 26 USC and 26 CFR define cost which, in turn, therefore define profit or *income*. (See 26 USC §§ 83(a), 1012; 26 CFR 1.83-3(g), 1.1012-1(a)). In a US Tax Court decision, *Talmage v. Commissioner*, which was affirmed by the 4th Circuit Court of Appeals, the Defendants articulated the foundation for a refusal to consider the Plaintiffs' most

sacred property, their labor, to be a cost, the value of such being rightfully excluded from consideration in relation to the property those provisions allow to be so considered. (See OP1 at pp.228 at ¶ 2.59). When one petitions for a determination under 26 USC § 83 which <u>does not</u> relate to the standard compensation for personal services but concerns deferred compensation and stock plans used to compensate employees, the courts are all ears and are eager to discuss and interpret the governing statutory and regulatory language of and under § 83. HOWEVER, when asked to do so in relation to standard fees, wages, salaries, commissions, or tips, paid without restriction(s), the courts impose penalties and dispense diatribe and pejoratives by the yard while they refuse to "say what the law is." (See OP1 at pp.219 at ¶ 2.45 in *Werner* case to p.221 at ¶ 2.46). Compare *Strom v. US*, 641 F. 3d 1051 (CA9 2011) (full indulgence of 26 CFR 1.83 regulations) to *Baker v. CIR*, 70 T.C.M. 1018 (1995) (T.C. Memo. 1995-495) *to wit*:

> "The second amended petition filed in this case does not satisfy the requirements of Rule 34(b)(4) and (5). There is neither assignment of error nor allegation of fact in support of any justiciable claim. ***Rather, there is nothing but tax protester rhetoric and legalistic gibberish, as demonstrated by the allegations previously quoted***. See *Abrams v. Commissioner* [Dec. 41,031], 82 T.C. 403 (1984); *Rowlee v. Commissioner* [Dec. 40,228], 80 T.C. 1111 (1983); *McCoy v. Commissioner* [Dec. 37,967], 76 T.C. 1027 (1981), affd. [83-1 USTC ¶ 9152] 696 F.2d 1234 (9th Cir. 1983).
>
> The Court's order dated July 19, 1995, provided petitioner with an opportunity to assign error and allege specific facts concerning her liability for the taxable years in issue. ***Unfortunately, petitioner failed to properly respond to the Court's order. Rather, petitioner elected to continue to proceed with time-worn tax protester rhetoric***. See *Abrams v. Commissioner, supra*; *Rowlee v. Commissioner, supra*; *McCoy 1021\*1021 v. Commissioner, supra*; *Karlin v. Commissioner* [Dec. 46,877(M)], T.C. Memo. 1990-496.
>
> ***We see no need to catalog petitioner's arguments and painstakingly address them***. As the Court of Appeals for the Fifth Circuit has remarked: "***We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit***." *Crain v. Commissioner* [84-2 USTC ¶ 9721], 737 F.2d 1417, 1417 (5th Cir. 1984). Suffice it to say that petitioner is not exempt from Federal income tax or from the imposition of appropriate additions to tax, *Olsen v. Commissioner* [Dec. 50,924(M)], T.C. Memo. 1995-471; see *Abrams v. Commissioner, supra* at 406-407."

4.5 This is the judicial rhetoric and defamation resorted to when avoidance of statutory interpretation is necessitated by the arguments of mere lowly Americans. <u>Nowhere</u> in *Baker*, or in any other case, has there been any attempt whatsoever to disprove Baker's claims under 26

USC §§ 83, 1001, 1011, and 1012 by probing the language of the statute and the implementing regulations as briefed in OP1.

4.6 Cost is determined by 26 USC §§ 83 and 1012, and by 26 CFR 1.83-3(g) ("the value of <u>any</u> money or property paid") and by 1.1012-1(a) ("cash or other property"), neither of which make an exception for property within which one has no basis being considered as a cost. The exception expressed in *Talmage* is arbitrary and is therefore impermissible. Why is this simple <u>statutory</u> challenge strictly off limits?

## V. <u>CONCLUSION & VERIFICATION.</u>

5.1 Courts of the United States have shown themselves unwilling to grant access to the law in cases concerning these specific provisions of 26 USC. The willingness to prosecute and imprison Americans lies in diametric opposition to the concept of government deriving its authority through the consent of the governed. Indeed, observe how Defendants reply to this action, note how far from proper statutory interpretation they stray, if any interpretation is offered at all. For those with oaths to uphold the Constitution to stand idly by, or to act to perpetuate a denial of proof that the law operates as the Defendants allege, is to impose a condition of servitude to the executive branch under terroristic threats of imprisonment nobody can prove to be lawful.

5.2 Plaintiffs make this good faith effort to solve precisely this dilemma which offends the most basic of due process protections, and they have relied solely upon relevant statutes to do so. "[I]t [is] the judiciary's duty "to say what the law is." *Marbury v. Madison*, 1 Cranch. 137, 177 (1803) (Marshal, C.J.)." [1] Thus, the initial inquiry is whether Congress intended to subject the Plaintiffs to the 26 USC income taxes. (See *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) (stating that "[i]t is axiomatic that an administrative agency's power to promulgate legislative regulations *is limited to the authority delegated by Congress*"); *INS v. Chadha*, 462 U.S. 919, 953 n.16, 955 n.19 (1983) (providing that agency action "is always subject to check by the terms of the legislation that authorized it; and if that authority is exceeded it is open to judicial review" and "Congress ultimately controls administrative agencies in the legislation that creates them")).

---

[1] See *U.S. v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 1633 (1995).

VERIFIED COMPLAINT for review of agency action.

5.3 The Defendants will cite a plethora of reasons why the Plaintiffs should not or may not access the law, so the most the Plaintiffs may derive from having pursued answers this way will be evidence for a criminal trial jury at some future juncture when they seek to prove a lack of willfulness. Their lives will be destroyed, their reputations, their estates and personal relationships of every kind, and their futures, all will be devastated by public servants who actually argue in favor of protection against having to prove their conduct to be lawful and a matter of official right.

5.4 It is not Plaintiffs' fault that 26 CFR 1.1-1 is cited as authority to tax the income of "citizens of the United States" and that 26 USC § 1 makes no such reference. It is not Plaintiffs' fault that circuit courts, US Tax Court, and the IRS hold 26 USC § 83 applicable to all compensation for services. Consider that the Defendants, all federal public servants, have to comply with § 83 when they set about filing tax returns, and compare that to their refusal to speak of the statute, of how its regulations operate, or of what it means, and refuse to even train IRS employees on how to apply it or enforce it. Where can Americans hide from the likes of their public servants? Who but the criminally insane could seek to justify or support such a tenet of governance? "Left unchallenged they would prey upon the powerless; and we must not permit that to happen again." (President W.J. Clinton, Holocaust Memorial Museum commemoration ceremony, April 22, 1993).

> "I agree with the Court that the Internal Revenue Code provision and the corresponding Treasury Regulations that control consolidated filings are best interpreted as requiring a single-entity approach in calculating product liability loss. I write separately, however, because *I respectfully disagree with the dissent's suggestion that, when a provision of the Code and the corresponding regulations are ambiguous, this Court should defer to the Government's interpretation.* See *post* this page (opinion of Stevens, J.). *At a bare minimum, in cases such as this one, in which the complex statutory and regulatory scheme lends itself to any number of interpretations, we should be inclined to rely on the traditional canon that construes revenue-raising laws against their drafter.* See *Leavell v. Blades*, 237 Mo. 695, 700-701, 141 S.W. 893, 894 (1911) ("*When the tax gatherer puts his finger on the citizen, he must also put his finger on the law permitting it*"); *United States v. Merriam*, 263 U.S. 179, 188 (1923) ("*If the words are doubtful, the doubt must be resolved against the Government and in favor of the taxpayer*"); *Bowers v. New York & Albany Lighterage Co.*, 273 U.S. 346, 350 (1927) ("*The provision is part of a taxing statute; and such laws are to be interpreted liberally in favor of the taxpayers*"). Accord, *American Net & Twine Co. v. Worthington*, 141 U.S. 468, 474 (1891); *Benziger v. United States*, 192 U.S. 38, 55 (1904)."

See *United Dominion Industries, Inc. v. United States*, 532 US 822 (2001), J. Thomas concurring.

5.5 While the Defendants will again fail to answer this call to due process, notions such as this (above) will remain irrelevant to the redress sought through this action. The Plaintiffs must live on under threat while the operation of the law remains a secret.

**Verification:**

5.6 I, Robert Eugene Hybertson, do hereby declare that the foregoing statements are true and correct, and that the exhibits attached hereto are authentic and have not been misrepresented in any way, to the best of my knowledge and belief. Executed under penalties of perjury this 19th day of May, 2015.

*[signature]*
Robert Eugene Hybertson, Affiant

5.7 The above affirmation was subscribed and duly sworn to before me this 19th day of May, 2015, by Robert Eugene Hybertson.

5.8 I, Cory D Carter, am a Notary under license from the State of South Dakota whose commission expires on My Commission Expires September 26, 2020, and be it known by my hand and my Seal as follows:

*[signature]*
Notary signature

Respectfully submitted:

*[signature]*
Robert Eugene Hybertson

///
///
///
///
///
///
///

VERIFIED COMPLAINT for review of agency action.    Page 20 of 20