IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ROBERT EUGENE HYBERTSON, et al., ) | |
| ) | Case No. 5:15-cv-5040 |
| Plaintiffs, ) | |
| ) | **REPLY BRIEF IN SUPPORT OF** |
| v. ) | **DEFENDANTS' MOTION TO** |
| ) | **DISMISS THE COMPLAINT** |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

      Plaintiff Robert Hybertson claims that he is not subject to the internal revenue laws and that his income is not subject to taxation. He seeks a "declaratory judgment" – based on tax defier theories rejected by the courts – that the United States' criminal investigation against him, and any assessment and collection of federal taxes, must cease. In response to the United States' motion to dismiss, Hybertson simply retreads the tired, frivolous arguments that fill his complaint. Accordingly, for the reasons stated in the United States' brief in support of its motion to dismiss (Docket No. 22) and in this reply, Hybertson's claims and the claims of any other person who purports to be a plaintiff in this case should be dismissed under Fed. R. Civ. P. 12(b)(1) because this Court lacks subject matter jurisdiction. Further, Agent Greg M. Flynn should be dismissed from this case under Fed. R. Civ. P. 12(b)(2) because this Court lacks personal jurisdiction over him.

**I.    No purported plaintiff other than Hybertson has opposed the United States' motion to dismiss, and therefore any claims they purport to bring should be dismissed.**

As noted, Hybertson filed and signed, *pro se*, the complaint that initiated this case. (Docket No. 1.) In it, Hybertson purports to make claims on his own behalf and on behalf of at least four additional individuals. At the time the United States filed its motion to dismiss, two of those four of those individuals, plus several additional persons, had filed documents that purported to "join" Hybertson's complaint. (Docket Nos. 12-13, 15-17, 20.) After the United States filed its motion to dismiss, two additional people purported to "join" Hybertson's complaint. (Docket Nos. 23-24.) Their purported "joinder" documents are identical to the ones filed earlier in the case. (*Id.*) Two purported plaintiffs named in the case have never filed a document in this case. (Docket No. 22 at 6-7).

The United States served its motion to dismiss and supporting brief on all purported plaintiffs with addresses of record at the time of filing. (*Id.* Cert. of Service.) Hybertson is the only person who opposed the United States motion to dismiss. (*See* Docket.) As this Court has already noted, "although each plaintiff is entitled to represent himself in this action, no plaintiff is permitted to prosecute the claims of another plaintiff." (Docket No. 18 at 4 (citing, throughout, 28 U.S.C. § 1654; *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005); *Crump-Donahue v. U.S. Dep't of Agric.*, No. 407-CV-00511-WRW, 2007 U.S. Dist. LEXIS 42299, at *4 (E.D. Ark. Jun. 11, 2007) ("When a non-lawyer attempts to represent the interests of other persons, the practice constitutes the unauthorized practice of law and results in a nullity."); *Gross v. United States*, No. Civ. 06-4211, 2009 U.S. Dist. LEXIS 12283, at *2-3 (D.S.D. Feb. 13, 2009)).). Accordingly, Hybertson's opposition applies to his claims alone. All remaining purported plaintiffs have waived any opposition to the United States' motion to dismiss. Any claim that they purport to bring should be dismissed on the grounds that they are "a

nullity." Further, any claim that any purported plaintiff may be attempting to assert fails for the reasons stated in the United States' initial brief.

**II.     A summary of Hybertson's allegations and claims for relief.**

Hybertson generally complains that the internal revenue laws do not apply to him and that he is "being threatened" by the Criminal Investigation division of the IRS. (*See generally* Compl.; Docket No. 3-3 at 4.) With respect to the purported "threats," Hybertson claims that "[h]e has recently received threatening correspondence from [Agent Flynn] which alludes to criminal prosecution" and "an associate of [Hybertson's] was contacted in person and was quizzed for facts relative to [Hybertson] and his affairs." (Compl. ¶ 2.1.) In Docket No. 3-3, Hybertson includes a letter from Agent Flynn noting that there is an "ongoing IRS Criminal Investigation into [Hybertson's] failure to file income tax returns, and failure to report income from [his] rig heater business, and various other activities." (Docket No. 3-3 at 8.) According to Hybertson, this letter "contain[s] threats [of] malicious prosecution and false imprisonment." (*Id.* at 7.) Hybertson acknowledges that Agent Flynn is employed by the United States as a Special Agent of the Criminal Investigation division of the IRS. (*See* Compl. ¶ 2.7; *see also* Docket No. 3-3 at 8-9.) Hybertson offers no additional facts or allegations regarding Agent Flynn. No other purported plaintiff offers any other fact or allegation regarding Agent Flynn.

From those thin factual allegations, Hybertson seeks a declaration that certain Treasury regulations and/or actions by the IRS violate the Administrative Procedure Act ("APA") and/or his due process rights (Compl. ¶¶ 3.7 (Count One), 3.13 (Count Two), 3.16 (Count Three), 3.20 (Count Five) 3.26 (Count Six), 3.33 (Count Eight)); a declaration interpreting the law (*id.* ¶¶ 3.18 (Count Four)); a declaration that certain Internal Revenue laws do not apply to him (*id.* ¶¶ 3.18 (Count Four)); a declaration that the United States' "refusal or failure to provide an interpretation" of certain legal citations is "a violation of the void for vagueness doctrine and

[his] due process rights" (*id.* ¶ 3.29 (Count Seven)); and a declaration that Hybertson "did not act willfully" for purposes of criminal tax provisions (*id.* ¶ 3.33 (Count Eight)).

### III. All claims should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

It is Hybertson's burden to demonstrate that this Court has subject matter jurisdiction to hear his purported claims against the United States. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). He has failed to do so.

#### A. Hybertson failed to identify a valid waiver of the sovereign immunity of the United States for his claims.

In its initial brief, the United States offered binding authority showing that this Court lacks subject matter jurisdiction over this suit for declaratory relief to stop the efforts of the IRS to enforce the internal revenue laws of the United States and collect taxes owed because the United States has not waived sovereign immunity for such relief. (Docket No. 22 at 7-13.) In response, Hybertson attempts to invoke the APA to claim that the United States has waived sovereign immunity to suits for declaratory relief. (Docket No. 25 at 2-3.) The APA contains a waiver of the sovereign immunity of the United States for declaratory judgments generally, in cases involving constitutional challenges and other claims arising under federal law. 5 U.S.C. § 702; *Michigan v. United States Army Corps of Eng'rs*, 667 F.3d 765, 774-75 (7th Cir. 2011).

But the APA expressly provides that its waiver of sovereign immunity for declaratory relief is limited by restrictions imposed by other statutes. 5 U.S.C. §§ 702(1)-(2) ("Nothing herein . . . affects other limitations on judicial review" or "confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."). The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, and the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421(a) are two such restrictions that limit the APA's waiver of sovereign immunity. *Fostvedt v. United States*, 978 F.2d 1201, 1203-04 (10th Cir. 1992).

Both the DJA and the AIA forbid the relief sought here: to enjoin the United States from assessing or collecting federal tax. *Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996) (the DJA, like the AIA, expressly "forbids suits for the purpose of restraining the assessment or collection of any tax"); *Harrell v. United States*, 13 F.3d 232, 235 (7th Cir. 1993); *accord Alexander v. "americans United", Inc.*, 416 U.S. 752, 759 n.10 (1974) (The scope of the "federal tax exception to the Declaratory Judgment Act is at least as broad as the prohibition of the Anti-Injunction Act."). Both the AIA and the DJA also prohibit any suit like this one challenging activities which are intended to or may result in the assessment or collection of taxes, *including criminal tax investigations*. *Judicial Watch v. Rossotti*, 317 F.3d 401, 405 (4th Cir. 2003); *Daulton v. United States*, 76 Fed. Appx. 652, 653-54 (6th Cir. 2003) (affirming district court's dismissal, under the AIA, of suit seeking injunction against criminal investigation); *Koin v. Coyle*, 402 F.2d 468, 469 (7th Cir. 1968) ("True, the suit does not directly and expressly aim at the assessment. But it is directed expressly at the means to that end, and in our view is substantially aimed at restraining the assessment. It cannot be seriously contended that precluding the assessment is not the end sought."); *Sterner v. United States DEA*, 467 F. Supp. 2d 1017, 1028 (S.D. Cal. 2006) (granting motion to dismiss a suit for injunction against an IRS Special Agent's criminal investigation under the Anti-Injunction Act); *see also Fostvedt*, 978 F.2d at 1202-04 ("Although disguised as a procedural challenge, the essence of Petitioner's action is an attempt to delay and/or prevent the IRS from assessing and collecting the income tax deficiencies and penalties due because of Petitioner's failure to file income tax returns for the years in question"). This is because the AIA's principal purpose is "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, 'and to require that the legal right to the disputed sums be

determined in a suit for refund.'" *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736-37 (1974) (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)). *Accord Tollerson v. Comm'r*, No. CIV. A. H-91-2762, 1993 U.S. Dist. LEXIS 3310, at *19 (S.D. Tex. Mar. 4, 1993) ("courts are without jurisdiction to enjoin IRS investigations or 'harassment' that occurs in the course thereof"); *Abraham v. United States*, No. CIV.A. 97- 1873 CKK, 1998 U.S. Dist. LEXIS 6451, at *9-10 (D.D.C. Mar. 31, 1998) (collecting cases).

Hybertson claims, without citation, that his "claims and review requested have nothing to do with the DJA" (Docket No. 25 at 3), but his complaint shows otherwise. The only *facts* he alleges address actions taken by the IRS to conduct a criminal investigation into Hybertson's tax matters, which may lead to an assessment of federal tax and subsequent collection. Because Hybertson is actually attempting to "restrain[] the assessment and collection of [federal] tax," *see* § 7421(a), the DJA and the AIA bar all claims in this case. The United States has not waived sovereign immunity for such claims. *See Judicial Watch*, 317 F.3d at 405; *Beck v. McKinney*, 16 Fed. Appx. 482, 483-84 (7th Cir. 2001) (noting that the courts have repeatedly rejected, and that the Anti-Injunction Act bars, plaintiff's claims that he is not subject to tax); *Sterner*, 467 F. Supp. 2d at 1028. All claims in this case should be dismissed.

    **B.**    **Hybertson failed to establish that he has Article III standing to sue on any claim.**

Hybertson's opposition brief, like his complaint, is filled with Hybertson's own baseless interpretation of what the tax law is. He asks this Court to validate his tax-defier theories by issuing a ruling that he has offered the correct interpretation of the law. (*See generally* Docket Nos. 1, 25.) But for the reasons stated in the United States' initial brief, Hybertson's complaint should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because he lacks Article III standing to sue for any such relief. It is Hybertson's burden to show that he

meets each element for Article III standing to sue for the claims he attempts to state in his complaint. *Lujan*, 504 U.S. at 561. Although the United States explicitly identified the reasons that Hybertson lacks Article III standing, (Docket No. 22 at 14-17), Hybertson failed to respond with any law or fact on the issue (*see generally* Docket No. 25). Accordingly, Hybertson's complaint should be dismissed for lack of subject matter jurisdiction.

**IV.     Hybertson failed to establish that this Court has subject matter jurisdiction over Agent Flynn.**

It is Hybertson's burden to show that this Court has personal jurisdiction over Agent Flynn. Although the United States clearly articulated the reasons this Court lacks personal jurisdiction over Agent Flynn (Docket No. 22 at 18-20), Hybertson failed to respond with any law or fact on the issue (*see generally* Docket No. 25). Accordingly, for the reasons stated in the United States' initial brief, this Court should dismiss all claims against Agent Flynn under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

**V.     Conclusion**

Hybertson's verbose and nonsensical filings, no matter how they are characterized, are nothing more than feeble claims that he is not subject to federal tax. The claims are all directed toward his true goal: to enjoin the continued efforts of the United States to conduct its criminal investigation into, among other things, his failure to file income tax returns and to report income from his business, and the United States' potential assessment and collection of tax on that income. Hybertson's arguments are frivolous and have been rejected by federal courts for decades. Hybertson failed to identify a federal statute that waives the sovereign immunity of the United States and failed to demonstrate that he has Article III standing to sue on any claim in his complaint. Accordingly, this Court should dismiss Hybertson's complaint, and any other purported claim brought by any purported plaintiff in this case, for lack of subject matter

jurisdiction. Further, any purported claim by Hybertson against Agent Flynn should be dismissed because Hybertson has failed to plead facts sufficient to show that this Court has personal jurisdiction over Agent Flynn.

Although Hybertson pleads for the ability to amend his complaint (Docket No. 25 at 12), such amendment would be futile. All claims for relief in this case are frivolous on their face, as described in the United States' initial brief and this reply. No statute – not the APA or the Internal Revenue Code – supplies this Court with jurisdiction to grant Hybertson the declaratory or injunctive relief he claims. Hybertson has not made a showing that he could amend his claims to make them non-frivolous and to create jurisdiction. Thus, Hybertson should not be granted leave to amend. *Plymouth County v. Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th Cir. 2014) (A "party is not entitled to amend a complaint without making a showing that such an amendment would be able to save an otherwise meritless claim. A district court thus may deny a motion to amend a complaint when such an amendment would be futile." (citation omitted)).

Dated: September 4, 2015

Respectfully submitted,

CAROLINE D. CIRAOLO
Acting Assistant Attorney General
Tax Division

*/s/ Erin Healy Gallagher*
ERIN HEALY GALLAGHER
DC Bar No. 985670
U.S. Department of Justice, Tax Division
Post Office Box 7238
Washington, D.C. 20044
Telephone: (202) 353-2452
Fax: (202) 514-6770
E-mail: erin.healygallagher@usdoj.gov

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

       I hereby certify that on September 4, 2015, a copy of foregoing DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT was filed electronically with the Court. The following persons, appearing *pro se*, were served by U.S. Mail, first-class, postage pre-paid, on the same date at:

Robert Eugene Hybertson
8035 Blackhawk Road
Black Hawk , SD  57718

Christopher Rhodes Chapman
3080 Finsterwald Dr.
Titusville , FL  32780

Robert Orth
7207 Lafayette
Indianapolis , IN  46278

Richard Boggs
7001 St. Andrews Rd. #124
Columbia , SC  29212

John Howard Alexander
2435 East North Street Suite #105
Greenville, SC 29615

Mark Peters
15941 Durand Ave lot 45D
Union Grove, WI 53182

Leldon Oates
1027 South Pendleton Street #B301
2 Easley, SC 29642

Theodore Hammond
35 Congress Street
Pembroke, Massachusetts 02359

Robert E. Butler and Carrie J. Butler.
183 Dennis Ave.
Salinas CA, 93905

James Davis
PO Box 814
Syracuse, Kansas 67878

Lee C. Prymmer
4699 Springmeadow Lane
Sarasota, Florida 34233


*/s/ Erin Healy Gallagher*
ERIN HEALY GALLAGHER
DC Bar No. 985670
U.S. Department of Justice, Tax Division
Post Office Box 7238
Washington, D.C. 20044
Telephone: (202) 353-2452
Fax: (202) 514-6770
E-mail: erin.healygallagher@usdoj.gov

*Attorney for Defendants*